```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                   Criminal No. 16-cr-168-SM
                                                        Opinion No. 2025 DNH 144

Michael Munroe

## O R D E R

Self-represented defendant, Michael Munroe, seeks early release from his 132-month sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A), because of a lock down policy implemented by the Bureau of Prisons ("BOP") and because the BOP is not providing adequate care for his mental health disability. The government objects to the motion on the grounds that his challenge to the manner of the execution of his sentence, the lockdown policy, is properly addressed in a petition under 28 U.S.C. § 2241 filed in the district where he is incarcerated and that Munroe has not met the requirements for release under § 3582(c)(1)(A) based on his mental health needs. For the reasons that follow, the motion is denied.

## Standard of Review

Unless an exception applies, a court may not modify or reduce a sentence after it is imposed. § 3582(c); United States v. Saccoccia, 10 F.4th 1, 3 (1st Cir. 2021). The exception to

the rule raised here allows the court to reduce a sentence if the prisoner exhausts administrative remedies and the court finds "extraordinary and compelling reasons warrant such a reduction" and "a reduction is consistent with applicable policy statements." § 3582(c)(1)(A); see also United States v. Rivera-Rodríguez, 75 F.4th 1, 18 (1st Cir. 2023). In addition, the court must consider the sentencing factors provided in 18 U.S.C. § 3553(a), to the extent they are applicable to the circumstances presented. § 3582(c)(1)(A). The defendant bears the burden of showing that he qualifies for early release under § 3582(c)(1)(A). See Rivera-Rodríguez, 75 F.4th at 18; United States v. Sepulveda, 762 F. Supp. 3d 153, 157 (D.R.I. 2025).

## Background

In 2017, Michael Munroe pleaded guilty to two counts of bank robbery and was sentenced to a 132 months term of incarceration on each count, to be served concurrently. Doc. no. 30. Munroe is currently serving his sentence at the United States Penitentiary in Coleman, Florida. His anticipated release date is March 9, 2027. Doc. no. 36, at 1.

## Discussion

Munroe's motion is preceded by an introduction in which he states that he is seeking relief from the BOP's lockdown policy

2

based on two issues. The first is a theory that the lockdown policy violates the terms of his plea agreement because he is not being provided treatment as required under 18 U.S.C. § 3553(a)(2)(D). The second issue is that the lockdown policy and the lack of treatment present extraordinary and compelling reasons to release him under § 3582(a)(1)(C).

    A. Treatment Required under § 3553(a)(2)(D)

To clarify, § 3553(a)(2)(D) is a sentencing factor that the court was required to consider in imposing sentence and is not a term in Munroe's plea agreement.[1] That factor was considered, as required, and the sentence was imposed as agreed in the plea agreement.[2] The specific prison or facility where a sentence is served, however, is a decision reserved for the BOP. United States v. Melendez, 279 F.3d 16, 18 (1st Cir. 2002). To the extent that Munroe is challenging his placement in a particular prison or a need for placement in a different facility, the appropriate vehicle, after administrative exhaustion, is a

---

[1] "The court, in determining the particular sentence to be imposed, shall consider. . . the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." § 3553(a)(2)(D).

[2] To the extent Munroe argues that his plea agreement is null and void because he is not receiving adequate treatment for his mental health needs, he does not state a cognizable claim.

3

petition under 28 U.S.C. § 2241 filed in the district where he is incarcerated. Cockerham v. Boncher, 125 F.4th 11, 22 & n.6 (1st Cir. 2024); Francis v. Maloney, 798 F.3d 33, 36 (1st Cir. 2015); Muniz v. Sabol, 517 F.3d 29, 34 (1st Cir. 2008).

### B. Early Release under § 3582(c)(1)(A)

Generally, a defendant moving for early release under § 3582(c)(1)(A) must meet three requirements. Rivera-Rodríguez, 75 F.4th at 18. Because the government does not challenge the first requirement, that the request must be properly raised, the court considers the second and third requirements: whether defendant presents "sufficiently 'extraordinary and compelling reasons' warranting a sentence reduction" and whether defendant "convince[s] the court that, after considering the sentencing factors enumerated in 18 U.S.C. § 3553(a), the reduction . . . is warranted in whole or in part under the particular circumstances of the case." Id., at 19 (internal quotation marks omitted).

#### 1. Extraordinary and Compelling Reasons

The Sentencing Commission's policy statement pertaining to release under § 3582(c)(1)(A) provides that extraordinary and compelling reasons exist if one of the following listed

circumstance or a combination of those circumstances, pertaining to medical circumstances of the defendant, exists:

> (1)(B) The defendant is
>
>    (i) suffering from a serious physical or medical condition,
>    (ii) suffering from a serious functional or cognitive impairment, or
>    (iii) experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (1)(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13. The court is instructed to conduct a 'holistic' inquiry, . . . considering any complex of circumstances raised by a defendant as forming an extraordinary and compelling reason warranting relief." United States v. Duluc-Méndez, 156 F.4th 55, 61 (1st Cir. 2025).

Here, Munroe contends that he has a mental health disability that is demonstrated by copies of documents from the Social Security Administration. He further contends that despite his requests for treatment of the mental health disability, he has received no treatment. In addition, he contends that the lockdown policy at USP Coleman has prevented him from receiving any treatment. He provided a log he

5

maintained to show the time he spent in lockdown from January to March of 2024.

The first document from the Social Security Administration that Munroe filed indicates that he was receiving Supplemental Security Income from July 2010 to March 2011 but does not provide any information about the nature of Munroe's underlying disability that made him eligible for benefits.  The second document states that he was found to be disabled as of October 26, 2009, but, again, does not indicate the nature of the disability.  As a result, Munroe provides no evidence from the Social Security Administration that he is disabled due to a mental health condition.

Munroe also provides copies of two communications from him to "Psychology Services, PEN 1" in March and April of 2024. Doc. no. 35, at 29-30. In the March communication, Munroe wrote that he has a mental health disability as a result of being assaulted by individuals with baseball bats in 2010. He indicated that he has an issue with fighting, and he asked for an appointment and a treatment plan.  He cited the lockdowns as the reason he did not go down "there" apparently referring to Psychology Services. He also wrote that he informed intake about his disability when he arrived at the prison.  In the April communication, Munroe wrote that he had not received a treatment plan, requested an appointment, and stated that he was subjected to lockdowns for

6

things he did not do.  Munroe does not indicate whether he received a response to the April communication.

In the absence of any information about the nature and severity of Munroe's disability or mental health condition, the court is unable to assess whether these circumstances provide an extraordinary and compelling reason to reduce Munroe's sentence under § 3582(c)(1)(A).  For that reason, Munroe has not presented a sufficiently extraordinary and compelling reason to reduce his sentence and has not met the second requirement for relief.

The court notes that the remedy Munroe is seeking is a treatment plan for his disability or condition.  He seeks early release in order to begin serving his consecutive state sentence at the New Hampshire State Prison, where he anticipates he will receive needed treatment.  A simpler and more effective solution would appear to be a treatment plan at USP Coleman, which is undoubtedly available, if Munroe has a disability or condition in need of treatment.  To that end, the court will send a copy of this order to the Warden at USP Coleman, along with a copy of Munroe's motion (doc. no. 35).

### 2. Sentencing Factors

Munroe has not established an extraordinary and compelling reason to support early release under § 3582(c)(1)(A).  For that

reason, the court does not consider the third requirement, that Munroe convince the court under the § 3553(a) sentencing factors that a reduction of his sentence is warranted.

## Conclusion

For these reasons, the court denies the defendant's motion for a reduction of his sentence under 18 U.S.C. § 3582(c)(1)(A).

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

December 15, 2025

cc: Michael Munroe, pro se.
    Charles Rombeau, AUSA.
    Warden, USP Coleman.
    U.S. Marshal.
    U.S. Probation.